McMILLAN, Judge.
The appellant, Joe Carpenter Tyree, appeals from the trial court’s denial of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief. The appellant had been convicted of sexual abuse in the first degree, based on a guilty plea. He was sentenced to 15 years’ imprisonment. The appellant did not appeal.
In his petition, the appellant argues that his conviction violated the Double Jeopardy Clause because, he says, he was present at the delinquency hearing involving the victim. He also argues that he was denied the effective assistance of counsel when his attorney informed him, on the day of trial, that he was not prepared for trial and that he had not subpoenaed witnesses, and then threatened to file a motion to withdraw if the appellant did not plead guilty.
The State responded that the petition was due to be dismissed because it was barred by Rule 32.2(a)(3) and (5), Ala.R.Crim.P.
After conducting an evidentiary hearing, the trial court issued the following order: “After a careful review of the transcript of the plea entry of 2-8-93, the court denied the defendant’s Rule 32 petition for relief.”
*2 Because the trial court held an evi-dentiary hearing, it was required to make specific findings of fact relating to each material issue. Rule 32.9(d), Ala.R.Crim.P. The trial court failed to do so. This cause is therefore, remanded to the trial court with instructions to make specific findings of fact relating to each material issue raised by the appellant pursuant to Rule 32.9(d), Ala. R.Crim.P. If there are claims which are precluded from review, the trial court should so state for the record. Due return shall be filed in this court no later than 45 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.

On Return to Remand

McMILLAN, Judge.
On June 20, 1997, we remanded this cause to the trial court with instructions to make specific findings of fact relating to each material issue raised by the appellant, Joe Carpenter Tyree, in his Rule 32, Ala.R.Crim.P., petition.
The trial court, having complied with those instructions, has issued the following specific findings of fact:
“The court finds from the evidence that the court had jurisdiction over the defendant because the judgment of conviction rests on an indictment regularly returned by the Grand Jury of Baldwin County, Alabama. Therefore, all of the petitioner’s contentions concerning the invalidity of the original arrest warrant are without merit. The defendant’s conviction was based on his knowing and voluntary entry of a plea of guilty to the charge of sexual abuse in the first degree.
“The court finds from the evidence that the Juvenile Court of Baldwin County, Alabama, conducted a hearing concerning the alleged dependency of [D.A.], the petitioner’s stepchild. At the hearing, the juvenile judge determined that the minor was sexually abused at the hands of her stepfather. However, the petitioner was not on trial for any criminal offense or subject to any punishment. The focus of the juvenile court hearing was solely on the best interest and safety of the minor. Because the petitioner was not at risk of any punishment as a result of the juvenile hearing, and further, the juvenile court did not have any jurisdiction over the petitioner, jeopardy did not attach to the juvenile proceeding with respect to the petitioner. The court notes that the petitioner was not charged in the juvenile court with aiding, encouraging or causing the minor to become delinquent and in need of supervision.
“Although the petitioner contended that his trial counsel was ineffective because he failed to prepare for trial, the court finds that there is no evidence that trial counsel was in fact incompetent or ineffective. The record of the guilty plea colloquy conducted on February 8, 1993, demonstrates that the defendant, the day before trial, was in the Gulf Shores, Alabama, city jail on assault [in the third degree] charges against a prosecution witness. Moreover, there was an outstanding drug charge against Mr. Tyree and he was on probation from the State of Tennessee with a felony conviction. The defense attorney discussed all of the pending charges with the Assistant District Attorney, Mr. Raines, and reached a plea bargain agreement whereby all of the charges against the petitioner would be dropped in return for his plea of guilty to the sexual abuse [in the first degree] charge and the minimum sentence under the Alabama Habitual Offender Act. The attorney stated at the time the plea was entered that he discussed the plea bargain agreement with Mr. Tyree in numerous telephone conversations and on two days, Thursday and Friday, preceding the trial date. The court asked the defendant ‘Has anybody in any law enforcement agency or the District Attorney’s Office or your lawyer, or anybody else made you plead guilty?’ Mr. Tyree responded in the negative. Mr. Tyree also informed the court that he had enough time to discuss his ease with [his attorney] and that [his attorney] had devoted enough time and effort to preparing a defense for his case. Further, he told the court that he was satisfied with the services of [his attorney].
*3 “The court finds that the defense attorney obtained the minimum sentence for his client. Because of the three prior felony convictions in the State of Tennessee, the defendant was looking at a term of 15 years to life, if he had been adjudicated guilty on a jury’s verdict. Other than a jury finding him not guilty, the defendant got the best sentence that was possible, except for a probationary sentence.”
Based on the record, including the trial court’s findings of fact, the trial court’s denial of the appellant’s Rule 32 petition was correct. Therefore, the trial court’s judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
All judges concur.